[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2011
JOHN LEY
CLERK

No. 11-10648
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20569-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Antonio Robinson appeals his convictions and sentences for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1). On appeal, Robinson challenges his firearm conviction on the ground that 18 U.S.C. § 922(g) exceeds Congress's Commerce Clause power, since the statute does not limit the definition of "commerce" to interstate or foreign commerce and does not require the defendant's possession of a firearm to "substantially" affect interstate commerce.[1] Robinson also contends that his 180-month sentence violated his Fifth and Sixth Amendment rights because the prior convictions used to apply the armed career criminal enhancement were neither alleged in the indictment nor proven beyond a reasonable doubt to the jury.[2]

As Robinson acknowledges in his brief, both of his arguments are foreclosed by the law of the Supreme Court and this Circuit. "[O]nly the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004). First, we have repeatedly held that § 922(g)(1) is not a facially unconstitutional exercise of

---

[1] Because Robinson never raised this issue below, we review for plain error. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).

[2] "We review constitutional sentencing issues *de novo*." *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008) (per curiam).

Congress's Commerce Clause power. *See, e.g.*, *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996) (rejecting an argument that § 922(g) exceeds Congress's Commerce Clause power because it does not require a substantial effect on interstate commerce).  Robinson's as-applied challenge to § 922(g)(1) is also unavailing because the government introduced sufficient evidence to prove that the firearm had previously traveled in interstate commerce.

Robinson's second argument is also foreclosed by precedent, as the Supreme Court has held that a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt in order to enhance a defendant's sentence.  *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27, 235 (1998).  Moreover, we have applied that holding to sentences enhanced pursuant to § 924(e).  *See, e.g.*, *United States v. Marseille*, 377 F.3d 1249, 1253, 1257–58 (11th Cir. 2004) (refusing to extend *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to overrule *Almendarez-Torres*).

Accordingly, we affirm.

**AFFIRMED.**